1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VERONICA GAMBLE,

                    Plaintiff,

     v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                 Defendant.

CASE NO. 3:19-cv-05956-RJB

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE
ORDER

THIS MATTER comes before the Court on Defendant's Motion for Protective Order. Dkt. 38. The Court has considered the pleadings filed regarding the motion and the remaining file herein. For the reasons set forth below, Defendant's Motion for Protective Order should be denied, and Plaintiff's request for reasonable expenses related to responding to the instant motion should be granted.

## I.       FACTUAL BACKGROUND

This case is a first-party insurance dispute with extracontractual claims including, *inter alia*, bad faith handling of Plaintiff's claim and violation of the Washington Insurance Fair

1    Conduct Act ("IFCA"). Dkt. 1-1. Plaintiff was injured in an automobile accident on July 8, 2017,

2    when she was rear-ended while stopped at a red light. Dkt. 1-1, at 5. Immediately following the

3    accident, Plaintiff was primarily treated for injuries to her wrist; she did not report a head injury.

4    Dkt. 24, at 3. However, Plaintiff alleges that, in the days and weeks following the accident, she

5    developed severe headaches and vision loss. Dkt. 24, at 3. Plaintiff discovered that she had a

6    pituitary cyst, which Plaintiff's treating physician, Dr. Tran, believes may have started bleeding

7    because of the accident and required surgery. Dkt. 24, at 3. Plaintiff had her first surgery on

8    August 10, 2017, to remove part of the cyst. Dkt. 24, at 3. Plaintiff developed diabetes insipidus,

9    an alleged risk of pituitary surgery, and has required follow-up surgeries. Dkt. 24, at 3.

10       Plaintiff obtained policy limits of $25,000 from the at-fault driver who rear-ended her.

11   Dkt. 1-1, at 6. Plaintiff asserts that, based on an inadequate investigation, Defendant did not pay

12   on her underinsured motorist ("UIM") claim and took the position that Plaintiff was fully

13   compensated by the at-fault driver's payment of $25,000. Dkt. 24, at 4.

14       In June 2020, Plaintiff's counsel requested the deposition of Defendant's employee,

15   Jennifer L. Carson ("Ms. Carson"), apparently a "nurse reviewer" (Dkt. 38, at 5) who works in

16   Defendant's Medical Resources Department. Dkt. 38. Following the request, Defendant's

17   counsel conferred with Ms. Carson by email regarding her availability for a deposition. Dkt. 38,

18   at 2. Defendant's counsel received an email back from Ms. Carson's supervisor, Team Manager

19   Dale Borneman ("Mr. Borneman"). Dkt. 38, at 2. Mr. Borneman wrote that Ms. Carson's

20   involvement in Plaintiff's UIM claim was limited to a claim log entered on March 19, 2018,

21   responding to a question about diabetes insipidus with respect to Plaintiff's claim. Dkt. 38, at 2.

22   Additionally, Mr. Borneman indicated that it would be "an undue burden for the group of

23

24

1  Medical Resources Department employees he supervises to lose Ms. Carson while she prepared

2  for and gave a deposition in this matter." Dkt. 38, at 2.

3         Counsel for the parties met and conferred on July 31, 2020, to discuss whether Plaintiff

4  would withdraw the request to depose Ms. Carson. Dkt. 38, at 3. Plaintiff's counsel declined to

5  withdraw the deposition request. Dkt. 38, at 3. Defendant filed the instant motion that same day,

6  arguing that the deposition of Ms. Carson would be unduly burdensome, irrelevant, and

7  duplicative of evidence already produced or obtained in other depositions. Dkt. 38, at 3.

8         Plaintiff filed a response in opposition to the instant motion. Dkt. 43. Plaintiff contends

9  that Ms. Carson is an important witness and that her involvement in the UIM claim was critically

10  important because it was relied upon by Defendant in refusing to pay benefits on the UIM claim.

11  Dkt. 43. Additionally, Plaintiff argues that the instant motion contains no facts specifying or

12  detailing any alleged burden in producing Ms. Carson for deposition. Dkt. 43, at 7. Plaintiff

13  argues that Defendant's instant motion is unjustified and requests attorney fees and costs for

14  responding. Dkt. 43, at 2.

15        Defendant filed a reply in support of the instant motion. Dkt. 45.

16                              II.     **DISCUSSION**

17  Fed. R. Civ. P. 26(c) provides as follows:

18           (c) PROTECTIVE ORDERS.

19           (1) *In General.* A party or any person from whom discovery
             is sought may move for a protective order in the court where
20           the action is pending—or as an alternative on matters relating
             to a deposition, in the court for the district where the deposition
21           will be taken. The motion must include a certification
             that the movant has in good faith conferred or attempted to
22           confer with other affected parties in an effort to resolve the
             dispute without court action. The court may, for good cause,
23           issue an order to protect a party or person from annoyance,
             embarrassment, oppression, or undue burden or expense, including

24

one or more of the following:

   (A)  forbidding the disclosure or discovery;

   (B) specifying terms, including time and place, for the
   disclosure or discovery;

   (C) prescribing a discovery method other than the one
   selected by the party seeking discovery;

   (D) forbidding inquiry into certain matters, or limiting
   the scope of disclosure or discovery to certain matters;

   (E) designating the persons who may be present while
   the discovery is conducted;

   (F) requiring that a deposition be sealed and opened only
   on court order;

   (G) requiring that a trade secret or other confidential research,
   development, or commercial information not be revealed
   or be revealed only in a specified way; and

   (H) requiring that the parties simultaneously file specified
   documents or information in sealed envelopes, to be
   opened as the court directs.

   (2) *Ordering Discovery.* If a motion for a protective order is
   wholly or partly denied, the court may, on just terms, order
   that any party or person provide or permit discovery.

   (3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of
   expenses.

Fed. R. Civ. P. 37(a)(5)(B) provides as follows:

   (B) *If the Motion Is Denied.* If the motion is denied, the
   court may issue any protective order authorized under
   Rule 26(c) and must, after giving an opportunity to be
   heard, require the movant, the attorney filing the motion,
   or both to pay the party or deponent who opposed the motion
   its reasonable expenses incurred in opposing the motion,
   including attorney's fees. But the court must not
   order this payment if the motion was substantially justified
   or other circumstances make an award of expenses unjust.

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 4

1        Courts are given broad discretion to control discovery under Fed. R. Civ. P. 37, including

2  particularly wide latitude to issue sanctions. *Ollier v. Sweetwater Union High Sch. Dist.*, 768

3  F.3d 843, 859 (9th Cir. 2014).

4        Defendant's Motion for Protective Order is without merit; Defendant has not shown that

5  the requested deposition of Ms. Carson is unduly burdensome, irrelevant, or duplicative. The

6  declaration of Mr. Borneman flatly concludes that the requested deposition would be unduly

7  burdensome—but it provides no meaningful details explaining how or why. *See* Dkt. 39, at 2 ("It

8  would be an undue burden to require that Ms. Carson prepare for and attend a deposition in this

9  matter as her entire involvement in this claim is reflected in the claim log notes she wrote in

10  March 2018."). Defendant simply does not explain how Ms. Carson's allegedly limited role in

11  the UIM claim converts a requested deposition into an undue burden.

12        The testimony of Ms. Carson is clearly relevant to Plaintiff's claims in this action.

13  Defendant's claim handler, Cody Potthast, contacted Ms. Carson to "get a better insight on the

14  diabetes insipidus and how that might relate to trauma[.]" Dkt. 40, at 5. According to Cody

15  Potthast, Ms. Carson opined that diabetes insipidus is "typically not associated with trauma,"

16  which may have been at least part of the basis for Defendant's decision as to Plaintiff's UIM

17  claim. Dkt. 40, at 7. Plaintiff has "asked to take [Ms. Carson's] deposition to learn more about

18  her qualifications, opinions, and [the] basis of those opinions." Dkt. 43, at 3.

19        Defendant has not shown that the deposition of Ms. Carson would be duplicative.

20  Defendant argues that the evidence that may be obtained from Ms. Carson would be duplicative

21  because Plaintiff has already deposed Defendant's claims handler, Cody Potthast. Dkt. 38, at 4,

22  *et seq*. However, the Court agrees with Plaintiff that she should not have to rely on the deposition

23  of Cody Potthast to "answer questions about Carson's qualifications, … the research she

24

conducted, the source of the information she found, or the basis for the opinions she provided to Potthast regarding Gamble's injuries." Dkt. 43, at 8.

Therefore, Defendant's Motion for Protective Order should be denied. It does not appear that Defendant's Motion for Protective Order was substantially justified or that other circumstances would make an award of expenses unjust. Pursuant to Fed. R. Civ. P. 37(a)(5)(B), Defendant should pay Plaintiff's reasonable expenses incurred in opposing the instant motion, including attorney's fees.

Plaintiff's response brief and attached materials do not provide information as to the costs incurred responding to the instant motion. Plaintiff should be granted leave to file an affidavit detailing Plaintiff's reasonable costs incurred in responding to the instant motion, including attorney's fees, due on or before September 4, 2020. Defendant should be granted leave to file a response, due by September 11, 2020. Plaintiff should be granted leave to file a reply, due by September 18, 2020. The issue of fees and costs should be noted for consideration on September 18, 2020.

### III.   ORDER

**THEREFORE, IT IS HEREBY ORDERED THAT:**

- Defendant's Motion for Protective Order (Dkt. 38) is **DENIED;**

- Plaintiff's request for reasonable costs incurred responding to Defendant's Motion for Protective Order, including attorney's fees, is **GRANTED;** and

- Plaintiff is granted leave to file an affidavit detailing Plaintiff's reasonable costs incurred in responding to Defendant's Motion for Protective Order, including attorney's fees, due on or before **September 4, 2020.** Defendant is granted leave to file a response, due by **September 11, 2020.** Plaintiff is granted leave to file a

reply, due by **September 18, 2020.** The issue of fees and costs shall be noted for consideration on **September 18, 2020.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of August, 2020.

ROBERT J. BRYAN
United States District Judge