1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VERONICA GAMBLE,

                        Plaintiff,

        v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                        Defendant.

CASE NO. C19-5956 RJB

ORDER DENYING DEFENDANT'S
MOTION TO BIFURCATE TIRAL

16    This matter comes before the Court on Defendant State Farm's Motion to Bifurcate Trial

17 in to UIM and Extra-Contractual Phases.  Dkt. 71.  The Court has considered the pleadings filed

18 in support of and in opposition to the motion and the file herein.  For the reasons set forth below,

19 Defendant's motion should be denied.

20                         **I.    BACKGROUND**

21    This case arises out an insurance dispute.  Dkt. 1-4.  On July 8, 2017, Plaintiff, Veronica

22 Gamble, was rear-ended by a motorist who is not party to this lawsuit.  *Id.*  Immediately

23 following the accident, Plaintiff sought treatment for injuries to her wrist; she did not report a

24 head injury.  *Id.*  In the days and weeks following the accident, she developed symptoms

including severe headaches and vision loss.  *Id.*  In late July 2017, doctors attributed these symptoms to a cyst inside her pituitary gland.  *Id.*  Plaintiff subsequently underwent three surgeries and suffers from diabetes insipidus.  *Id.*  The Parties sharply disagree over whether the accident caused all of Plaintiff's claimed injuries.

Plaintiff brings both a contractual claim, in which she argues that she is entitled to benefits under her underinsured motorist policy (UIM), and extracontractual claims of insurance bad faith, negligent claims handling, violation of the Insurance Fair Conduct Act (IFCA), and violation of the Consumer Protection Act (CPA).  *Id.*  In the pending motion, Defendant seeks to bifurcate the trial so that the same jury would first hear and decide the contractual claim, and then hear and decide the extracontractual claims.  Dkt. 71.  Plaintiff responded (Dkt. 73) and filed a notice of supplemental authority (Dkt. 76).  Defendant replied (Dkt. 77).

## II.   DISCUSSION

Fed. R. Civ. P. 42(b) reads, in relevant part, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  "Bifurcation is typically reserved for situations in which resolution of a single claim or issue could be dispositive of the entire case."  *Karpenski v. General Life Co., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

Bifurcation would not be more convenient, avoid prejudice, or expedite and economize the trial.  First, bifurcation creates an extra layer to the trial.  There is a risk of duplicative facts and evidence, including evidence by State Farm representatives and Plaintiff's doctors about the crash and Plaintiff's medical condition.  It would, therefore, be most convenient to address these issues at the same time.  Second, trying all claims together does not appear unduly prejudicial, in part because of the overlapping nature of the claims and testimony.  Finally, and perhaps most

1   importantly, disposition of the contractual claims would not necessarily dispose of the

2   extracontractual claims.  *See Coventry Assoc. v. Am. States Ins. Co.*, 136 Wn.2d 269, 279 (1998)

3   ("We hold an insured may maintain an action against its insurer for bad faith investigation of the

4   insured's claim and violation of the CPA regardless of whether the insurer was ultimately correct

5   in determining coverage did not exist.").  Defendant State Farm's motion to bifurcate trial (Dkt.

6   71) is **DENIED**.

7        It is so **ORDERED.**

8        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

9   to any party appearing *pro se* at said party's last known address.

10       Dated this 14th day of December, 2020.

11

12       ROBERT J. BRYAN
         United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE TIRAL - 3