Honorable Marsha Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VERONICA GAMBLE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation,<br><br>　　　　Defendant. | No. 3:19-cv-05956-MJP<br><br>PLAINTIFF'S MOTION REGARDING ATTORNEY FEES AND COSTS AND FOR ENHANCED DAMAGES UNDER THE CONSUMER PROTECTION ACT<br><br>NOTE ON MOTION CALENDAR:<br>December 3, 2021 |

## I.  INTRODUCTION

Plaintiff Veronica Gamble requests the Court award her reasonable attorney fees and costs under *Olympic Steamship v. Continental Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991); the Insurance Fair Conduct Act (IFCA), RCW 48.30.015; and the Consumer Protection Act (CPA), RCW 19.86.090.

PLAINTIFF'S MOTION REGARDING
ATTORNEY FEES AND COSTS AND
ENHANCED DAMAGES
(No. 3:19-cv-05956-MJP) - 1

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

## II. ATTORNEY FEES AND COSTS

### A. Gamble is entitled to an award of attorney fees.

Gamble prevailed on her breach of contract, IFCA, and CPA claims, which entitle her to attorney fees. *Olympic Steamship*; RCW 48.30.015; RCW 19.86.090.

### B. Amount of Attorney Fees; Lodestar Analysis

"The lodestar method is the default principle for fee calculation in Washington." *MKB Constructors v. Am. Zurich Ins. Co.*, 83 F. Supp. 3d 1078, 1085 (W.D. Wash. 2015) (quotation omitted). The lodestar calculation is performed as follows:

> First, a "lodestar" fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the lawsuit. Second, the "lodestar" is adjusted up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation, which have not already been taken into account in computing the "lodestar" and which are shown to warrant the adjustment by the party proposing it.

*Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 593–94, 675 P.2d 193 (1983) (quoting *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir.1982)).

**Reasonable Number of Hours.** The court must "independently determine whether [Gamble] has sustained [her] burden of demonstrating that the number of hours expended by counsel was reasonable rather than merely relying upon [] billing records." *MKB*, 83 F. Supp. 3d at 1087. Documentation "need not be exhaustive or in minute detail, but must inform the court ... of the type of work performed." *Id.* The court must exclude "hours spent on unsuccessful claims ... or otherwise unproductive time." *Id.* at 1089 (quotation omitted). But the Court should not segregate time for unsuccessful claims "if the claims are so related that no reasonable segregation ... can be made." *Id.* (quotation omitted).

PLAINTIFF'S MOTION REGARDING
ATTORNEY FEES AND COSTS AND
ENHANCED DAMAGES
(No. 3:19-cv-05956-MJP) - 2

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

**Reasonable Rates.** "Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." *Bowers*, 100 Wn.2d at 597. Additional factors bearing on the hourly rate include: "the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case." *Id.* The appropriate rates are 2021 rates (although in the case of Ruiz & Smart, the rates have not increased since the start of this case). *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992) ("We long have recognized that district courts have the discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss of the use funds.").

1. **Lodestar step one: determining reasonable hours and rates.**

This action involved a UIM claim in which State Farm refused to pay Gamble any of her claimed benefits. Significant pretrial work was required. Gamble had to engage in discovery motion practice to obtain all her claim file materials and obtain deposition testimony, participated in dispositive motion practice, and numerous depositions occurred—noted by both sides. All the depositions and the trial took place during the pandemic, meaning that they were conducted over Zoom which eliminated any attorney time required for travel. The case involved extensive efforts with Gamble's treating doctors and experts associated with the injuries and claims. On the legal issues, the Court was presented with, and decided, two summary-judgment motions.

Ruiz & Smart agreed to represent Gamble on contingency for more than two years. Knudsen Decl. ¶23. Mr. Pauley's representation started before that. Pauley Decl. ¶2. The timekeepers with primary responsibility over the case were Kathryn Knudsen, Ryan Pauley, and Paige Lewis. Through the conclusion of trial, the time claimed by Gamble is as follows:

PLAINTIFF'S MOTION REGARDING ATTORNEY FEES AND COSTS AND ENHANCED DAMAGES
(No. 3:19-cv-05956-MJP) - 3

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

| Timekeeper | 2021 Rate | Hours Claimed | Value |
|---|---:|---:|---:|
| Kathryn Knudsen – Attorney | $475 | 667.63 | $ 317,124.25 |
| Ryan Pauley – Attorney | $300 | 166.2 | $ 49,860.00 |
| Paige Lewis – Paralegal | $300 | 76.25 | $ 22,875.00 |
| **Total** | | 910.08 | $ 389,859.25 |

Knudsen Decl. ¶27, Ex. A; Pauley Decl. ¶5, Ex. A.

The Declarations of Kathryn Knudsen and Ryan Pauley, which are filed together with this Motion, provides the time detail.

The rates shown above are Gamble's attorneys' established hourly rates for these timekeepers. They have been found reasonable by Courts in the past. Knudsen Decl. ¶9; Pauley Decl. ¶6 and Ex. B. Plaintiff also submits the Declaration of Frank Cordell in support of the reasonableness of the fees claimed.

2. **Lodestar step two: multiplier**

"After the lodestar has been calculated, the court may consider the necessity of adjusting it to reflect factors not considered up to this point." *Bowers*, 100 Wn.2d at 598. There are two "broad categories" of lodestar adjustment: "the contingent nature of success, and the quality of work performed." *Id.* Both support a multiplier here. In the event Gamble made no recovery on her claims, no fee would have been due to her counsel.

The court examined multipliers in detail in *Berryman v. Metcalf*, 177 Wn. App. 644, 312 P.3d 745 (2013). *Berryman* was a small personal injury case in which the plaintiff certified that her claim was for less than $50,000. 177 Wn. App. at 677. She became entitled to fees based on

PLAINTIFF'S MOTION REGARDING ATTORNEY FEES AND COSTS AND ENHANCED DAMAGES
(No. 3:19-cv-05956-MJP) - 4

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

a Washington statute that provides for streamlined arbitration of small claims and imposes attorney fees on parties who pursue weak appeals from such arbitrations. *Id.* at 672. The court rejected a multiplier. After cataloguing Washington cases, *Berryman* concluded: "[m]ost of the cases in which multipliers were considered have been cases brought under liberally construed remedial statutes with fee-shifting provisions designed to further the statutory purposes. In the majority of these cases, the plaintiffs ended up with a multiplier." *Id.* at 682 (emphasis added).

The court was referring to cases brought under the CPA—on which Gamble prevailed—among other statutes. Similarly, insurance is declared by statute to be a matter of significant public importance in Washington: "[t]he business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance." RCW 48.01.030. Gamble's prevailing on *all* of her claims, including the CPA—a remedial statute—supports a multiplier.

Although the case was tried in six days, it was not an easy path to the result obtained. To begin with, Gamble did not have a viable alternative to litigation. Even after State Farm was presented with multiple chances to resolve Gamble's claim, State Farm refused to pay any of her claimed UIM benefits. State Farm is known for being represented by counsel who are highly respected with well-earned reputations for taking insurance cases to trial. Opposing counsel, Scott Wakefield, is no different. It was not a surprise that this case had to be tried, nor was it a surprise to us that opposing counsel would mount a multi-pronged attack on virtually every aspect of Gamble's case at trial.

Gamble was able to secure insurance benefits only by hiring a legal team that:

PLAINTIFF'S MOTION REGARDING
ATTORNEY FEES AND COSTS AND
ENHANCED DAMAGES
(No. 3:19-cv-05956-MJP) - 5

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

- was willing to handle the case on contingency;
- was willing and able to front significant costs;
- was experienced in insurance litigation;
- was experienced in working with treating physicians like hers; and
- was capable of trying the case.

Counsel for plaintiff understood the very real possibility that the jury could find in State Farm's favor and deny Gamble the judgment she sought—a result that would have been devastating for Gamble and that would have meant her lawyers would be paid nothing. Based on the contingent nature of the representation and the quality of the work performed, Gamble requests a multiplier of 1.5.

**C.    Gamble is entitled to an award of actual litigation costs.**

Courts awarding litigation costs have included many different kinds of expenses. In a case certified to the Washington Supreme Court, Judge Bryan allowed costs for: "(1) Expert witness fees; (2) all deposition costs; (3) long distance telephone calls and telefax charges; (4) photocopying charges (including copy machine rental); (5) out of town travel costs of lawyers, lawyers' staff and witnesses; (6) out of town lodging expenses (including meals) for lawyers, lawyers' staff and witnesses; (7) computerized legal research; (8) mediator fees and expenses; (9) office, office furniture and equipment rentals, and the cost of supplies and equipment incurred specifically for this litigation; (10) postage, including overnight delivery and messenger charges; (11) automobile and mileage allowances, including out of town parking; (12) exhibit preparation costs (film development, photographic production and enlargement, etc.); (13) cost of paralegal and clerical assistance obtained from outside firms, and not

PLAINTIFF'S MOTION REGARDING ATTORNEY FEES AND COSTS AND ENHANCED DAMAGES
(No. 3:19-cv-05956-MJP) - 6

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

recoverable as attorneys' fees; and (14) cost of other paralegal and clerical assistance not otherwise recoverable as attorneys' fees." *Louisiana-Pac. Corp. v. Asarco Inc.*, 131 Wn.2d 587, 592, 934 P.2d 685 (1997). IFCA expressly includes expert costs in awarding insureds like Gamble their attorney fees and costs following trial. RCW 48.30.015.

Here, Gamble has incurred $31,176.78 in total costs in an effort to secure her insurance benefits. *See* Knudsen Decl. ¶29, Exs. B, C ($26,493.58 Ruiz & Smart Costs); Pauley Decl. ¶7, Ex. C ($4,683.20 Pauley Law Group Costs). Plaintiff filed herewith a Bill of Costs with the clerk for the portion of costs to be awarded under Fed. R. Civ. P. 54(d)(1), in the amount of $2,336.90.

**D.    CPA Enhanced Damages**

A court may treble damages under the CPA in its discretion. RCW 19.86.090. Treble damages are based upon the "actual damages" awarded; the actual damages here were $50,000. *See* Dkt. Nos. 133, 135. The statutory maximum enhancement is $25,000.00. RCW 19.86.090. Gamble asks the Court to award that amount here.

"Damages, for purposes of the Consumer Protection Act, must be broadly construed so that the beneficial purpose of the Act may be served." *St. Paul Fire & Marine Ins. Co. v. Updegrave*, 33 Wn. App. 653, 658, 656 P.2d 1130 (1983) (citing RCW 19.86.920). The purposes behind the CPA's treble damage provision include (1) financial rehabilitation of the injured consumer; (2) encouraging private citizens to bring actions benefiting the public; (3) deterrence; and (4) punishment. *Sing v. John L. Scott, Inc.,* 83 Wn. App. 55, 71, 920 P.2d 589 (1996) *rev'd on other grounds,* 134 Wn.2d 24 (1997). Each of these goals would be met here by a treble damage award.

PLAINTIFF'S MOTION REGARDING ATTORNEY FEES AND COSTS AND ENHANCED DAMAGES
(No. 3:19-cv-05956-MJP) - 7

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

First, the enhanced damages would assist Gamble in attempting to return to pre-loss condition. Second, it would encourage other policyholders not to give up when their insurer wrongfully denies insurance benefits. Tackling a corporation like State Farm is a daunting idea for many policyholders. Awarding treble damages will encourage others to speak up when they have been wronged. Third, treble damages will assist with deterring State Farm from engaging in claims handling misconduct in the future. The final purpose, punishment, would also be met here. State Farm needs to be sent a message that the claims abuse it engaged in while handling Gamble's claim will not be tolerated by Washington insureds or this Court.

Anything less than the full $25,000.00 in enhanced damages is likely to escape the attention of a company like State Farm, which made $3.7 billion in income last year.[1]

### III.   CONCLUSION

Gamble respectfully asks the Court to award her attorney fees (with the requested multiplier), costs, and enhanced damages under the CPA for the reasons stated herein.

RESPECTFULLY SUBMITTED November 16, 2021.

**RUIZ & SMART**
**PLAINTIFF LITIGATION PLLC**

By: /s/Kathryn Knudsen
Isaac Ruiz, WSBA #35237
iruiz@ruizandsmart.com
Kathryn M. Knudsen, WSBA #41075
kknudsen@ruizandsmart.com

---

[1] https://newsroom.statefarm.com/2020-state-farm-financial-results/ (last visited Nov. 15, 2021).

1

**PAULEY LAW GROUP PLLC**

By */s/Ryan Pauley*
Ryan Pauley, WSBA #35237

*Counsel for Plaintiff*

PLAINTIFF'S MOTION REGARDING
ATTORNEY FEES AND COSTS AND
ENHANCED DAMAGES
(No. 3:19-cv-05956-MJP) - 9

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702