UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERONICA GAMBLE,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. C19-5956 MJP<br><br>ORDER DENYING MOTION TO SEAL |

This matter comes before the Court on Defendant's Motion to Seal. (Dkt. No. 168.) Having reviewed the Motion, the Opposition (Dkt. No. 170), the Reply (Dkt. No. 173), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

In October 2021, this matter proceeded to a five-day jury trial that resulted in a $950,000 judgment in favor of Plaintiff. (See Dkt. Nos. 124-128, 133, 135.) With the COVID-19 pandemic still posing safety risks to in-person proceedings, the Court conducted the trial by remote means using Zoom. But the proceedings were open to the public by video or telephone access, just as

1  any in-person trial would have been had the trial occurred at the courthouse. During trial,
2  Plaintiff elicited testimony about and presented argument regarding Trial Exhibit 15, a document
3  containing information about State Farm's adjuster bonus/incentive program. (See Declaration of
4  Kathryn Knudsen Ex. A (Dkt. No. 171-1).) Although State Farm had designated the document as
5  confidential pursuant to the Protective Order entered in the case, it took no steps to keep the
6  document or testimony about it confidential during trial or in the pretrial preparation. Counsel for
7  Plaintiff confirmed with the Court on the record that all of the exhibits were part of the public
8  record, and Defendant's counsel made no objection or request to seal Exhibit 15 or testimony
9  about it. (See Knudsen Decl. Ex. B.) Now, over three years later, State Farm seeks an order
10 sealing those portions of the trial transcripts that relate to and discuss Exhibit 15.

## ANALYSIS

12 In its Motion, State Farm argues that the Court should seal portions of the trial transcript
13 which discuss Exhibit 15 on the theory that its contents were designated as confidential under the
14 Protective Order and that there is good cause to seal them under Fed. R. Civ. P. 5.2. The Court
15 disagrees and finds two significant flaws in the request.

16 First, the Court finds that State Farm long ago waived any right to assert confidentiality
17 over trial testimony and argument concerning Exhibit 15. While Exhibit 15 was designated as
18 confidential under the Protective Order, State Farm failed to exercise any of its rights under that
19 Order to keep the document and testimony/argument about it confidential. As the Protective
20 Order stated, "the protections conferred by this agreement do not cover information that is in the
21 public domain or becomes part of the public domain through trial or otherwise." (Protective
22 Order at 2 (Dkt. No. 23).) And the Order made clear that "[i]f a party or non-party desires to
23 protect confidential information at trial, the issue should be addressed during the pre-trial

conference." (Id. at 6.) Had State Farm wished to maintain the confidentiality of the document, it should have raised this issue during the pretrial conference—it did not. And State Farm took no action during the trial that would have been consistent with its present belief that the document and testimony/argument about it should be sealed. Indeed, when Plaintiff's counsel confirmed that all exhibits were part of the public record at the end of trial, State Farm said nothing. (See Knudsen Decl. Ex. B.) State Farm's conduct during trial and the passage of more than three years confirm that it waived any right to seek to seal any part of the trial transcripts concerning Exhibit 15. "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist., 187 F.3d 1096, 1103 (9th Cir. 1999). That rule applies squarely to this matter. And contrary to State Farm's representation, the trial was not "closed"—it was entirely open to the public, and members of the public viewed it. (See Declaration of P. Jason Skuda Decl. ¶ 4 (Dkt. No. 172).) For these reasons, the Court DENIES the Motion.

Second, even if State Farm had not waived its right to redact trial testimony, the Court finds no grounds to seal the transcripts.

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the compelling interest test applies, because Exhibit 15 the discussion about it was "more than tangentially related to the merits of the case." Id. Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty . of Honolulu, 447 F.3d 1172,

1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

State Farm has not demonstrated compelling reasons to seal the trial transcripts. The information it seeks to seal has been in the public record for over three years, as the trial itself was open to the public and transcripts have been available. (See Knudsen Decl. Ex. A.) Nowhere has State Farm identified any harm from the fact that this information has already been public. This undermines any present claim that further public release of the transcripts would harm State Farm. The declaration that State Farm relies on also fails to explain why further release of testimony about the stale information in Exhibit 15 would harm State Farm. The declarant discusses the document itself, but not the trial testimony that State Farm seeks to seal. That alone is fatal. Additionally, the declarant speaks to and refers to documents presented in separate litigation which have not been presented to this Court. (See Declaration of John Feely (filed as Ex. 8 to the Declaration of Dan Kirkpatrick) (Dkt. No. 168-5).) This further undermines the declaration's utility. Based on the record presented, State Farm has failed to provide evidentiary

support for its position. In addition to having waived the issue, State Farm fails to meet its burden to support sealing of the transcript. This is a second, independent reason the Court DENIES the Motion.

**CONCLUSION**

State Farm's request to seal the trial transcripts has no merit. It long ago waived any right to having the transcripts sealed, and even if it had acted timely, it has failed to demonstrate compelling reasons that outweigh the public's right to access the Court's docket. The Court DENIES the Motion and will not seal the trial transcripts.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 22, 2025.

Marsha J. Pechman
United States Senior District Judge